# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

EDWARD OBERWISE, *pro se,*

    Plaintiff,

v.                                                                  Case No. 8:12-CV-222-T-30AEP

LEE RASCHKE, et al.,

    Defendants.
_____/

## ORDER

Plaintiff, an inmate in the Florida penal system proceeding *pro se*, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. 1), and a motion to proceed in this action *in forma pauperis* (Dkt. 2).

Under 28 U.S.C. § 1915A, a district court must screen prisoners' civil complaints against government officials or entities and dismiss the complaints if they are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. In pertinent part, § 1915A provides:

    (a)    Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

    (b)    Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

            (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

>   (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. The language of the statute does not distinguish between prisoners who proceed *in forma pauperis* and prisoners who pay the requisite filing fee. The procedure required by § 1915A is by its terms a screening process, to be applied *sua sponte* and as early as possible in the litigation. *See* 28 U.S.C. § 1915A(a).

Plaintiff names David Gee, Sheriff of Hillsborough County, Lee Raschke, a detective with the Hillsborough County Sheriff's Office ("Det. Raschke"), and "John Doe," the Secretary of the Florida Department of Corrections[1] as defendants in this action. Because Defendants are employees of governmental entities, Plaintiff's complaint is subject to review pursuant §1915A.

## Background

**I.  Facts**

The complaint alleges in pertinent part the following: on January 8, 2008, Plaintiff was arrested on charges of lewd and lascivious battery. After his arrest, Plaintiff was interviewed by Det. Raschke. Plaintiff and Det. Raschke began to argue with each other. Plaintiff told Det. Raschke that "he was done talking." In response, Det. Raschke told Plaintiff that he was "charged with 10 counts of lewd and lascivious battery, and that he would personally assure him a prominent spot in the media."

---

[1] Kenneth S. Tucker is the current Secretary for the Florida Department of Corrections.

The next day, January 9, 2008, Det. Raschke released information regarding Plaintiff's arrest and the charges to the media. The media released a false statement indicating that Plaintiff lived with his mother and had no job. The Sheriff's Office also released false information that DNA had been obtained. As a result of the media coverage, Plaintiff was removed from the general population in the Hillsborough County Jail to a confinement cell.

Plaintiff was released on bond on January 19, 2008. On that same day, Defendant Raschke released a statement regarding Plaintiff which appeared on a website and stated: "this menace to society can not be rehabilitated under any circumstances and has been released on bond to further terrorize children in the community." Because of the information released to the media regarding the charges against Plaintiff, Plaintiff's employment with two supermarkets was terminated.

Sometime between October 2008 and August 27, 2009, the Sheriff's Office obtained Plaintiff's cell phone records and interviewed the recipients of Plaintiff's calls. The recipients were shown an internet website that displayed Plaintiff's picture and the charges against him.

Plaintiff was convicted at trial of five counts of lewd and lascivious battery. Det. Raschke alerted the media that Plaintiff had been convicted and was to be sentenced on October 28, 2009. Numerous members of the media attended Plaintiff's sentencing hearing. Because of the media presence, the judge imposed a harsher sentence than he would otherwise have imposed, and Plaintiff's appeal was "tainted."

## II. Claims

### A. Defendant Gee

It appears that the complaint alleges the following claims against Defendant Gee: 1) negligent failure to train and supervise Defendant Raschke (Dkt. 1 at pp. 8-9); and 2) Defendant Gee's custom or policy caused the alleged constitutional violations (Id. at pp. 9-10).

### B. Defendant Raschke

The complaint appears to allege the following claims against Defendant Raschke: 1) a state law defamation claim; 2) Defendant Raschke subjected Plaintiff to cruel and unusual punishment and violated his due process rights because Raschke's statements to the media resulted in Plaintiff's placement in a confinement cell; 3) malicious prosecution; and 4) Defendant Raschke deprived Plaintiff due process because Raschke's statements resulted in Plaintiff losing employment, and an unfair trial and sentence (Id. at pp. 11-16).

### C. Defendant Tucker ("John Doe")

The complaint essentially alleges a § 1983 false imprisonment claim against Defendant Tucker, the Secretary of the Florida Department of Corrections, in whose custody Plaintiff is incarcerated (Id. at pp. 16-17).

### D. Intentional Infliction of Emotional Distress

Finally, it appears that the complaint alleges a state law claim for intentional infliction of emotional distress against Defendants Gee and Raschke (Id. at pp. 17-18).

**Discussion**

**I.     Defendant Tucker**

"In a § 1983 suit for false imprisonment, a plaintiff must first show that his 'conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.'" *Mitschell v. Donald*, 213 Fed. Appx. 920, 922 (11th Cir. 2007) (unpublished) (quoting *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). "If such a suit is brought prior to invalidation of the challenged conviction or sentence, the suit must be dismissed." *Id.* (citing *Heck*, 512 U.S. at 487).

Plaintiff's § 1983 claim for false imprisonment is barred by *Heck*. Plaintiff does not allege that his convictions for lewd and lascivious battery were invalidated or called into question by any court prior to his filing of this complaint. Consequently, Plaintiff's false imprisonment claim against Defendant Tucker must be dismissed without prejudice.

**II.    Defendant Raschke**

    **A.     Malicious Prosecution**

In order to state a claim for malicious prosecution, a plaintiff must show: "(1) [t]he commencement or continuance of an original criminal or civil proceeding; (2) [i]ts legal causation by the present defendant against the plaintiff who was defendant in the original proceeding; (3) [i]ts bona fide termination in favor of the present plaintiff; (4) [t]he absence of probable cause for such proceeding; (5) [t]he presence of malice; and (6) [d]amages

conforming to legal standards resulting to the plaintiff." *Nw. Florida Home Health Agency v. Merrill*, 469 So.2d 893, 899 (Fla. 1st DCA 1985).

Plaintiff fails to plead a valid cause of action for malicious prosecution because, among other reasons, he fails to plead the termination of the criminal proceedings in his favor. Therefore, it is appropriate to dismiss Plaintiff's claim for malicious prosecution without prejudice.

### B. Defamation and Constitutional Violation Claims

In Florida, a two-year statute of limitation applies to actions for libel or slander. Fla. Stat. § 95.11(4)(g). A cause of action for libel or slander accrues on publication of the alleged defamatory statements. *Wagner, Nugent, Johnson, Roth, Romano, Erikson & Kupfer, P.A. v. Flanagan*, 629 So. 2d 113, 115 (Fla. 1993) (applying Fla. Stat. § 770.07 to "all civil litigants."); *Dessasau v. Cook*, 252 F.3d 439, 2001 WL 34395880, at *3 (11th Cir. 2001). Here, it is readily apparent from the face of the complaint, filed January 30, 2012,[2] that Plaintiff's defamation claims against Det. Raschke are barred by the applicable statute of limitations because the complaint alleges that Det. Raschke made false statements on both January 9, 2008, and January 19, 2008 (Dkt. 1 at docket pages 4-5, 11-13). Plaintiff's defamation claims are therefore subject to dismissal as time-barred.

---

[2] Although the complaint was not received by the Clerk's office for filing until February 2, 2012 (Dkt. 1), this circuit considers notices of appeal, section 1983 complaints, Federal Tort Claims Act complaints, §2254 petitions for habeas relief, §2255 motions to vacate, and documents related thereto "filed" when a *pro se* prisoner delivers one of them to a prison official for mailing. *See Houston v. Lack*, 487 U.S. 266, 270-71 (1988) (a notice of appeal filed by an incarcerated *pro se* litigant was deemed filed at the time the inmate relinquished control of it to prison officials); *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999) (*pro se* prisoner's § 2255 motion is deemed filed the date that it is delivered to prison authorities for mailing).

Plaintiff's constitutional violation claims associated with Det. Raschke's statements on January 9 and 19, 2008, are likewise barred by the applicable statute of limitations. The Eleventh Circuit Court of Appeals has concluded that "a plaintiff must commence a § 1983 claim arising in Florida within four years of the allegedly unconstitutional or otherwise illegal act." *Burton v. City of Belle Glade*, 178 F.3d 1175, 1188 (11th Cir. 1999). Plaintiff did not commence his § 1983 claims within four years of the dates on which he alleges Det. Raschke made false statements. Therefore, Plaintiff's constitutional violation claims, to the extent they rely on Defendant Raschke's allegedly false statements on January 9 and 19, 2008, are subject to dismissal.

To the extent Plaintiff's defamation claim relies on Det. Raschke notifying the media regarding the date of Plaintiff's sentencing, or Det. Raschke referring the individuals whose phone numbers appeared on Plaintiff's phone records to a website that displayed Plaintiff's picture and the charges against him, the claim must be dismissed for failure to state a claim upon which relief can be granted. Under Florida law, to establish a prima facie case for defamation, the plaintiff must establish that: (1) the defendant published a false statement; (2) about the plaintiff; (3) to a third party; and (4) the party suffered damages as a result of the publication. *Thompson v. Orange Lake Country Club, Inc.*, 224 F.Supp.2d 1368, 1376 (M.D. Fla.2002) (citing *Valencia v. Citibank Int'l*, 728 So.2d 330 (Fla. 3d DCA 1999)). The complaint does not allege that Det. Raschke "published a false statement" to the media with respect to Plaintiff's sentencing, or to the individuals who appeared on Plaintiff's phone records.

Finally, this Court can conceive of no violation against Plaintiff's constitutional rights as a result of Det. Raschke contacting members of the media to inform them of the date of Plaintiff's sentencing hearing,[3] or questioning the individuals whose numbers appeared on Plaintiff's cell phone records and showing them a website that displayed Plaintiff's picture and the criminal charges against him.[4]

### C. Intentional Infliction of Emotional Distress

First, to the extent that Plaintiff's intentional infliction of emotional distress ("IIED") claim relies on Det. Raschke making false statements on January 9 and 19, 2008, it is subject to dismissal as time-barred. In Florida, a four-year statute of limitation applies to actions for IIED. *See Ross v. Twenty-Four Collection, Inc.*, 617 So. 2d 428 (Fla. 3d DCA 1993).

Second, to the extent the IIED claim relies on Det. Raschke notifying the media regarding the date of Plaintiff's sentencing, and interviewing the individuals whose phone numbers appeared on Plaintiff's phone records then showing them a website that displayed Plaintiff's picture and the charges against him, the complaint fails to state a claim for IIED. "Under Florida law, the tort of intentional infliction of emotional distress ("IIED") requires the plaintiff to prove the following elements: (1) deliberate or reckless infliction of mental suffering; (2) outrageous conduct, i.e., behavior that goes beyond all possible bounds of decency and is regarded as atrocious and utterly intolerable in a civilized community; (3) the

---

[3] A trial is a public event, and the media is free to attend and report whatever occurs in open court. *United States v. Gurney*, 558 F.2d 1202, 1208 (5th Cir. 1977) (citations omitted).

[4] The complaint does not assert a claim that Defendant Raschke conducted a constitutionally deficient investigation and ignored discoverable exculpatory evidence. *See Kingsland v. City of Miami*, 382 F.3d 1220, 1228-29 (11th Cir. 2004) (holding that an officer may not "conduct an investigation in a biased fashion or elect not to obtain easily discoverable facts").

8

conduct caused the emotional distress; and (4) the distress was severe." *Rubio v. Lopez*, 445 Fed. Appx. 170, 175 (11th Cir. 2011) (unpublished) (citing *Liberty Mut. Insur. Co. v. Steadman*, 968 So. 2d 592, 594-95 (Fla. 2d DCA 2007)). "To demonstrate that the defendant engaged in outrageous conduct, the plaintiff must show that the defendant's actions were so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Christman v. Walsh*, 416 Fed. Appx. 841, 845 (11th Cir. 2011) (unpublished) (internal quotations omitted) (quoting *Metropolitan Life Ins. Co. v. McCarson*, 467 So.2d 277, 278-79 (Fla. 1985) (quoting Restatement (Second) of Torts § 46 (1965))). Det. Raschke's actions, contacting the media regarding the date of Plaintiff's sentencing and showing the website with Plaintiff's pictures and the charges against him to the individuals whose phone numbers were on Plaintiff's cell phone records, did not rise to the level of extreme, outrageous conduct that was utterly intolerable in a civilized community.

Accordingly, Plaintiff's IIED claim against Det. Raschke and Gee are subject to dismissal.

**III.    Defendant Gee**

Because Plaintiff was not deprived of any constitutional rights by Det. Raschke, Defendant Gee is not liable for claims of negligence for any insufficient supervision, training, custom or policy under §1983. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (holding that if a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have authorized a

constitutional deprivation is immaterial); *Gish v. Thomas*, 516 F.3d 952, 955 (11th Cir.2008) (without an underlying violation of Plaintiff's constitutional rights, Sheriff could not be liable in his individual or official capacity for a failure to train deputy and county could not be liable on the ground that policy caused a constitutional violation).

**Conclusion**

For the foregoing reasons, the Court finds that Plaintiff's complaint fails to state a claim for which this court can grant relief even when liberally construed due to plaintiff's *pro se* status. The Court also finds that under no circumstances, within this set of facts, can Plaintiff plead a cause of action against defendants. The complaint is, therefore, subject to dismissal pursuant to 28 U.S.C. 1915A.

ACCORDINGLY, it is **ORDERED** that:

1. Plaintiff's civil rights complaint (Dkt. 1) is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted.

2. The Clerk of Court shall terminate all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on April 25, 2012.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA: sfc
Copy to: Plaintiff *pro se*